UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RONALD MIDDLETON | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Case No. 2:21-cv-00091 |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT

Plaintiff Ronald Middleton, by counsel, hereby asserts claims for relief against Defendant the United States of America. In support hereof, the Plaintiff state and allege:

1. At all times relevant herein, Ronald Middleton was a citizen of Lake County, Indiana.

2. At all times relevant herein, the United States Postal Service (USPS) is an agency of the United States of America.

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. §1346(b)(1), which provides in pertinent part that "the district courts. . . shall have exclusive jurisdiction of civil actions on claims against the United States for money damages,. . ., for injury or loss property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable. . ."

4. This court is a place of proper venue pursuant to 28 U.S.C. §1391(e)(1)(B) because a substantial part of the events and omissions giving rise to the claim occurred in the Northern District of Indiana.

5. Ronald Middleton are instituting this action as contemplated by the Federal Tort Claims Act, 28 U.S.C. §2674, after having exhausted all administrative remedies as required by 28 U.S.C. §2675(a).

6. On October 4, 2018, Ronald Middleton was making a delivery to a United States Postal Service building in LaPorte County, Indiana.

7. On said date, while in the USPS building, employees of USPS brought Ronald Middleton a pallet jack to use in unloading the delivery.

8. On said date, while in the USPS building, a wheel on the pallet jack being used by Ronald Middleton came off and caused Ronald Middleton to fall.

9. At all times relevant, the USPS employees who supplied Ronald Middleton with the pallet jack were employees of the United States of America and were working within the scope of said employment. As a result of an employee-employer relationship, the United States of America is liable, under the theory of *respondeat superior*, for the negligent acts or omissions of the USPS employees.

10. At all times relevant, the USPS employees responsible for maintaining the pallet jack were employees of the United States of America and were working within the scope of said employment. As a result of an employee-employer relationship, the United States of America is liable, under the theory of *respondeat superior*, for the negligent acts or omissions of the USPS employees.

11. At all times relevant herein, the USPS owed various duties which included, but not limited to:

   a. a duty to maintain the premises and equipment in a reasonably safe condition;

   b. a duty to inspect the premises and equipment from time-to-time in a reasonable effort to discover and remedy dangerous or defective conditions;

   c. a duty to maintain the pallet jack and keep it in a reasonably safe working condition; and

   d. a duty to warn of the defective condition of the pallet jack.

12. On October 4, 2018, employees of the USPS negligently breached the duties that were owed which included, but not limited to:

   a. failing to maintain the premises and equipment in a reasonably safe condition;

   b. failing to inspect the premises and equipment from time-to-time in a reasonable effort to discover and remedy dangerous or defective conditions;

   c. failing to maintain pallet jack and keep it in reasonably safe working condition; and

   d. failing to warn of the defective condition of the pallet jack.

13. As a direct and proximate result of the negligence of USPS employees, Ronald Middleton:

   a. has sustained injuries, which might be permanent in nature and have affected the ability to function as a whole person;

b. has sustained physical pain and mental suffering, and it is likely physical pain and mental suffering will be experienced in the future, as a result of the injuries;

c. has incurred reasonable expenses for necessary medical care, treatment and services, and it is likely expenses for future medical care, treatment, and service will also be incurred;

d. may have lost earnings, profits or income;

e. may have lost or suffered an impairment of earning capacity;

f. may have sustained bodily disfigurement or deformity; and

g. may have been otherwise damaged and injured.

**WHEREFORE**, Plaintiff Ronald Middleton pray that the Court enters a judgment against Defendant the United States of America in an amount sufficient to reasonably compensate Plaintiff Ronald Middleton for the damages incurred and injuries sustained, for costs, and all other just and proper relief in the premises.

Respectfully submitted,

CRAIG KELLEY & FAULTLESS LLC

/s/ Christopher M. Barry
Christopher M. Barry, #26254-49

/s/ Alexander R. Craig
Alexander R. Craig, #31273-49

Attorneys for Plaintiff:

CRAIG KELLEY & FAULTLESS LLC
5845 Lawton Loop East Drive
Indianapolis, IN 46216
(317) 545-1760
(317) 545-1794 (facsimile)